# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| Angel Martinez, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| - against - | Class Action Complaint |
| Ghost Beverages, LLC, | |
| Defendant | Jury Trial Demanded |

Plaintiff Angel Martinez ("Plaintiff") alleges upon information and belief, except for allegations pertaining to Plaintiff, which are based on personal knowledge:

1.    Ghost Beverages, LLC ("Defendant") uses candy brands including Swedish Fish, Bubblicious, Sour Patch Kids and Warheads, to market energy drinks and supplements only intended for adults ("Product").



2.     Ghost uses influencers popular among children, and "partners with FaZe Clan, a leading 'youth focused' esports and gaming platform" that attracts more teen boys than any traditional sports team.

3.     These efforts have contributed to Ghost's explosive sales growth in the increasingly competitive energy drink industry.

4.     However, a recent independent investigation revealed that parents and other consumers are being misled by Ghost's marketing.

5.     Though the Product is marketed to children and teens, the only place which discloses it is only intended for healthy adults is in fine print and/or on the opposite side from purchasers.

6.     One researcher noted that "Numerous studies have documented the powerful impact marketing has on children's consumption, preferences, and purchase requests."

7.     The expert continued, "Pairing candy logos that have clear child-appeal with a product that harms children's health is an egregious display of putting profit over common sense and the well-being of children."

8.     The study found that "Energy drink companies like Ghost are now taking a page from the e-cig industry's playbook, violating the law by using fun kid-friendly flavors to attract children to products that are meant for adults."

9.     A leading United States Senator recently called for companies engaging

in these types of practices to be investigated, because they "pose[] a serious risk to the health of America's teenagers."

10.   The consumption of energy drinks has been linked to negative health consequences for minors, which is why the American Medical Association supports banning the marketing of energy drinks to children under the age of 18.

11.   A sixteen ounce can of Ghost contains 200 mg of caffeine, twice as much than the 100 mg recommended by the American Academy of Pediatrics that 12- to 18-year-olds should consume each day.

12.   In fact, it is recommended that children under 12 not have any caffeine.

13.   Even for adults who can safely consume 400 mg of caffeine, 200 mg in what looks like a candy-flavored drink is unexpected.

14.   Caffeine causes unwanted physical effects such as increased heart rate, body temperature, and anxiety.

15.   Studies show that "energy drinks [like Ghost] may raise blood pressure and may cause changes in heart rhythm."

16.   According to one expert, "Energy drinks may trigger anxiety in kids with anxiety disorders as well."

17.   Moreover, since "kids aren't good at regulating themselves or making risk-benefit calculations about their current or future health…If they have access to these drinks, they may drink more."

3

18.   For these reasons, Canada recently issued a recall on Ghost.

19.   Representing Ghost as an energy drink is misleading because it only has five calories per can.

20.   One nutritionist noted that "An 'energy' drink that's very low in calories doesn't quite make sense," because "Calories, especially from carbohydrates, are what give your body energy."

21.   While the "Caffeine [in Ghost] can make you feel more alert, [] it won't fuel your body."

22.   Ghost's claims to enhance focus, balance hormones and treat anxiety are false and misleading.

23.   No credible evidence or scientific studies support its ability to do these things.

24.   The opposite is true, because high levels of caffeine lead to distraction and greater anxiety, especially in teens and children and it can disrupt hormonal balance.

## JURISDICTION AND VENUE

25.   Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

26.   The aggregate amount in controversy exceeds $5 million, including any statutory or punitive damages, exclusive of interest and costs.

4

27.  Plaintiff is a citizen of Florida.

28.  Defendant is a citizen of Delaware and Nevada.

29.  None of Defendant's members are citizens of Florida.

30.  The class of persons Plaintiff seeks to represent includes persons who are citizens of a different state from which Defendant is a citizen.

31.  The members of the proposed class Plaintiff seeks to represent are more than one hundred, because the Product has been sold at thousands of retail stores, such as bodegas, convenience stores, grocery stores, big box stores, gas stations, and online.

32.  Venue is in the Fort Myers Division in this District because Plaintiff resides in Lee County and a substantial part of the events or omissions giving rise to these claims occurred in Lee County, his purchase and consumption of the Product in reliance on the labeling and marketing identified here.

## **PARTIES**

33.  Plaintiff is a citizen of Lee County, Florida.

34.  Defendant is a Nevada limited liability company with a principal place of business in Nevada.

35.  Defendant sells Ghost to retailers in Florida.

36.  Plaintiff did not expect Ghost would contain potentially harmful levels of caffeine, not just for adults, but especially for children.

37.   Plaintiff expected that if the Product was not suitable for children and teens, the labeling would disclose this fact prominently instead of inconspicuously.

38.   Plaintiff expected the Product would provide energy, even though it could not provide energy because of the low caloric content.

39.   Plaintiff is a parent and would not want his child or children to consume Ghost products for the reasons indicated here.

40.   Plaintiff read and relied on the Product's marketing and was aware of their popularity due to candy flavors and association with popular influencers on social media.

41.   Plaintiff expected the Product would contribute to increased focus, reduced anxiety, and balanced hormones, even though these statements were false.

42.   Plaintiff purchased the Product on one or more occasions within the statutes of limitations for each cause of action alleged, at stores in Lee County, between September 2021 and August 2023.

43.   Plaintiff bought the Product at or exceeding the above-referenced price.

44.   Plaintiff chose between Defendant's Product and products represented similarly, but which did not misrepresent their attributes, requirements, instructions, features, and/or components.

45.   Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense

of consumers.

46.   As a result of the false and misleading representations, the Product is sold at a premium price, approximately no less than $2.79 for 16 oz, excluding tax and sales, higher than similar products, represented in a non-misleading way, and higher than it would be sold for absent the misleading representations and omissions.

47.   Plaintiff paid more for the Product than he would have paid had he known the representations were false and misleading, as he would not have bought it or would have paid less.

## CLASS ALLEGATIONS

48.   Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following class:

> **Florida Class:** All persons in the State of Florida who purchased the Product within the statutes of limitations for each cause of action alleged.

49.   Common questions of issues, law, and fact predominate and include whether Defendant's representations were and are misleading and if Plaintiff and class members are entitled to damages.

50.   Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

7

51.  Plaintiff is an adequate representative because his interests do not conflict with other members.

52.  No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

53.  Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

54.  Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

### CAUSES OF ACTION

### COUNT I

### Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, *et seq.*

55.  Plaintiff incorporates by reference preceding paragraphs 1-24.

56.  Plaintiff brings this claim on his own behalf and on behalf of each member of the Florida Class.

57.  Defendant violated and continues to violate Florida's Deceptive and Unfair Trade Practices Act by engaging in unfair methods of competition, unconscionable acts and practices, and unfair and deceptive acts and practices in the conduct of its business.

58.  Defendant misrepresented the Product through statements, omissions,

ambiguities, half-truths and/or actions, by marketing them to consumers, especially children and teens, even though public health agencies recommend against consumption of these types of products.

59.   Defendant misrepresented the Product as energy drinks even though they have very few calories and therefore cannot provide energy.

60.   The material misstatements and omissions alleged herein constitute deceptive and unfair trade practices, in that they were intended to and did deceive Plaintiff and especially children and teens, into believing the Product was (1) appropriate and recommended for consumers, especially children and teens, even though public health agencies recommend against consumption of these types of products and (2) energy drinks even though they have very few calories and therefore cannot provide energy.

61.   Plaintiff's reliance was reasonable because of Defendant's reputation as backed by popular influencers and associated with the most established brands of candy.

62.   Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

63.   Defendant's conduct offends established public policy and is immoral, unethical, oppressive, and unscrupulous to consumers.

64.   Plaintiff and class members are entitled to damages in an amount to be

proven at trial.

## COUNT II

### False and Misleading Adverting,
### Fla. Stat. § 817.41

65.   Plaintiff incorporates by reference preceding paragraphs 1-24.

66.   Defendant made misrepresentations and omissions of material fact, that the Product was (1) appropriate and recommended for consumers, especially children and teens children, even though public health agencies recommend against consumption of these types of products and (2) an energy drink even though it has very few calories and therefore cannot provide energy, through its advertisements and marketing, through various forms of media, descriptions, and targeted digital advertising.

67.   Defendant's false and deceptive representations and omissions are material in that they are likely to influence consumer purchasing decisions.

68.   Defendant knew that these statements were false and/or misleading.

69.   Defendant intended for consumers, especially children and teens, to rely on its false statements for the purpose of selling the Product.

70.   Plaintiff and class members did in fact rely upon these statements.

71.   Reliance was reasonable and justified because of the Product's cross-promotion with established candy brands and influencers.

72.   As a result of Defendant's misrepresentations, Plaintiff and class members suffered damages in the amount paid for the Product.

## COUNT III

### Breaches of Express Warranty and Implied Warranty of Merchantability/Fitness for a Particular Purpose

73.   Plaintiff incorporates by reference preceding paragraphs 1-24.

74.   The Product was manufactured, identified, marketed, and sold by Defendant and expressly and impliedly warranted to Plaintiff and class members that it was (1) appropriate and recommended for consumers, especially children and teens, even though public health agencies recommend against consumption of these types of products and (2) an energy drink even though it has very few calories and therefore cannot provide energy.

75.   Defendant directly marketed the Product to Plaintiff and especially to children and teens, through its advertisements and marketing, through various forms of media, on the packaging, in print circulars, direct mail, and/or targeted digital advertising.

76.   Defendant knew the attributes that potential customers like Plaintiff and especially children and teens were seeking, such as products in high demand, capitalizing on the most popular children's candy brands and internet celebrities and developed its marketing and labeling to directly meet those needs and desires.

77.   The representations were conveyed in writing and promised the Product would be defect-free, and Plaintiff understood this meant it was (1) appropriate and recommended for consumers, especially children and teens, even though public health agencies recommend against consumption of these types of products, and (2) an energy drink even though it has very few calories and therefore cannot provide energy.

78.   Defendant affirmed and promised that the Product was (1) appropriate and recommended for consumers, especially children and teens, even though public health agencies recommend against consumption of these types of products, and (2) an energy drink even though it has very few calories and therefore cannot provide energy.

79.   Defendant described the Product so Plaintiff and consumers, especially children and teens, believed it was (1) appropriate and recommended for consumers, especially children and teens, even though public health agencies recommend against consumption of these types of products, and (2) an energy drink even though it has very few calories and therefore cannot provide energy, which became part of the basis of the bargain that it would conform to its affirmations and promises.

80.   Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

81.   This duty is based on Defendant's outsized role in the market for energy

12

drinks, an emerging and leading seller across all demographics, based in part on their association with the most popular candy brands.

82.   Plaintiff recently became aware of Defendant's breach of the Product's warranties.

83.   Plaintiff provided or provides notice to Defendant, its agents, representatives, retailers, and their employees that it breached the Product's express and implied warranties.

84.   Defendant received notice and should have been aware of these issues due to complaints by third parties, including regulators in Canada, non-profit consumer groups, competitors, and consumers, to its main offices, and by consumers through online forums.

85.   The Product did not conform to its affirmations of fact and promises due to Defendant's actions.

86.   The Product was not merchantable because it was not fit to pass in the trade as advertised, not fit for the ordinary purpose for which it was intended and did not conform to the promises or affirmations of fact made on its packaging, container, or label, because it was marketed as if it was (1) appropriate and recommended for consumers, especially children and teens, even though public health agencies recommend against consumption of these types of products, and (2) an energy drink even though it has very few calories and therefore cannot provide energy.

87.   The Product was not merchantable because Defendant had reason to know the particular purposes for which it was bought by Plaintiff and especially by children and teens, because it was marketed as if it was (1) appropriate and recommended for consumers, especially children and teens, even though public health agencies recommend against consumption of these types of products, and (2) an energy drink even though it has very few calories and therefore cannot provide energy, and he relied on Defendant's skill and judgment to select or furnish such a suitable product.

## COUNT IV

## Fraud
## (Fed. R. Civ. P. 9(b) Allegations)

88.   Plaintiff incorporates by reference preceding paragraphs 1-24.

89.   Defendant misrepresented that the Product was (1) appropriate and recommended for consumers, especially children and teens, even though public health agencies recommend against consumption of these types of products and (2) an energy drink even though it has very few calories and therefore cannot provide energy.

90.   The records Defendant is required to maintain, and/or the information inconspicuously disclosed to consumers, especially to children and teens, provided it with actual and constructive knowledge of this falsity and deception, through

14

statements and omissions.

91.  Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

92.  To the extent necessary, as detailed in the paragraphs above and below, Plaintiff has satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity.

93.  WHO: Defendant made material misrepresentations and/or omissions of fact in its advertising and marketing of the Product by representing it was (1) appropriate and recommended for consumers, especially children and teens, even though public health agencies recommend against consumption of these types of products and (2) an energy drink even though it has very few calories and therefore cannot provide energy.

94.  WHAT: Defendant's conduct here was and continues to be fraudulent because it has the effect of deceiving consumers, especially children and teenagers, into believing the Product was (1) appropriate and recommended for consumers, especially children and teens, even though public health agencies recommend against consumption of these types of products and (2) an energy drink even though it has very few calories and therefore cannot provide energy.

95.  Defendant knew or should have known this information was material to

15

all reasonable consumers, especially children and teenagers, and impacts their purchasing decisions.

96.   Defendant conducted research and/or possessed knowledge on how to capture market share by capitalizing on leading influencers and the most popular candy brands.

97.   Yet, Defendant represented and/or continues to represent that the Product was (1) appropriate and recommended for consumers, especially children and teens, even though public health agencies recommend against consumption of these types of products and (2) an energy drink even though it has very few calories and therefore cannot provide energy.

98.   WHEN: Defendant made material misrepresentations and/or omissions detailed herein, including that the Product was (1) appropriate and recommended for consumers, especially children and teens, even though public health agencies recommend against consumption of these types of products and (2) an energy drink even though it has very few calories and therefore cannot provide energy, continuously throughout the applicable Class period(s) and through the filing of this Complaint.

99.   WHERE: Defendant's material misrepresentations and omissions, that the Product was (1) appropriate and recommended for consumers, especially children and teens, even though public health agencies recommend against

consumption of these types of products and (2) an energy drink even though it has very few calories and therefore cannot provide energy, were made in the advertising and marketing of the Product, through their colorful labeling with sleek design and vivid, fruity colors, which all consumers, especially children and teenagers, would inevitably see and take notice of.

100. HOW: Defendant made written and visual misrepresentations and omissions in the advertising and marketing of the Product, that it was (1) appropriate and recommended for consumers, especially children and teens, even though public health agencies recommend against consumption of these types of products and (2) an energy drink even though it has very few calories and therefore cannot provide energy.

101. As such, Defendant's representations and omissions are false and misleading.

102. And as discussed in detail throughout this Complaint, Plaintiff and class members, especially children and teenagers, read and relied on Defendant's representations, marketing and omissions before purchasing the Product.

103. WHY: Defendant misrepresented that the Product was (1) appropriate and recommended for consumers, especially children and teens, even though public health agencies recommend against consumption of these types of products and (2) an energy drink even though it has very few calories and therefore cannot provide

energy, for the express purposes of standing out in the crowded field of energy drinks and inducing Plaintiff and class members, especially children and teenagers, to purchase the Product at a substantial price premium, in part based on demand for products cross-branded with the leading candy brands.

104. As such, Defendant profited by selling the misrepresented Product to thousands of consumers, especially to children and teenagers, throughout the State of Florida.

## **JURY DEMAND AND PRAYER FOR RELIEF**

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and the undersigned as counsel for the class;

2. Awarding monetary, statutory, and/or punitive damages pursuant to applicable laws;

3. Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys and experts; and

4. Other and further relief as the Court deems just and proper.

Dated:   August 21, 2023

Respectfully submitted,

/s/ William Wright
The Wright Law Office, P.A.

18

515 N Flagler Dr Ste P300
West Palm Beach FL 33401
(561) 514-0904
willwright@wrightlawoffice.com

*Lead Counsel for Plaintiff*

Sheehan & Associates, P.C.
Spencer Sheehan*
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080
spencer@spencersheehan.com

*Counsel for Plaintiff*
*\*Pro Hac Vice* Application Forthcoming